# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

PATRICIA ARUDA, JILLIAN ARUDA, and
JESSICA ARUDA

       Plaintiffs,

v.

TOYOTA MOTOR CREDIT CORP., INC.,
and EVERGREEN AUTO RECOVERY,
INC.,

       Defendants.

Civil Action No.  1:16-cv-11811

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Toyota Motor Credit Corporation, Inc. ("TMCC")[1], by and through its undersigned counsel, hereby removes the above-entitled matter to this Court from the Trial Court of Massachusetts, Brockton District Court, where it is currently pending at No. 1615-CV-000759. In support of this removal, TMCC states as follows:

1. On or about July 15, 2016, Plaintiffs Patricia, Jillian, and Jessica Aruda ("Plaintiffs") initiated this action by filing a Complaint in the Trial Court of Massachusetts, Brockton District Court (the "State Court").  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. On August 5, 2016, TMCC's registered agent received the Complaint by process server.

---

[1] Evergreen Auto Recovery, Inc. is also a named defendant and consents to the removal of this action, pursuant to 28 U.S.C.A. § 1446(b)(2)(a). See Attached "Consent to Removal" signed by Evergreen Auto Recovery, Inc.

3. The Complaint was the first pleading, notice order, or other paper from which it could be ascertained that this action is removable.

4. This Notice of Removal is timely-filed pursuant to 28 U.S.C. § 1446(b) because it is filed within (30) days of August 5, 2016, the date on which the Complaint was served.

5. Except for the notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings, motions or papers other than the Complaint, have been filed with the State Court in this action.

6. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because TMCC has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

**I.    TMCC Has Satisfied The Procedural Requirements For Removal.**

7. TMCC's registered agent received the Complaint by process server on August 5, 2016, therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because TMCC is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

8. This Court is the proper division because it embraces the Trial Court of Massachusetts, Brockton District Court, where Plaintiffs' action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

9. No previous request has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs, and a copy is being filed with the State Court Clerk. A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit 2**.

**II.     Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

11.    Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America.  *See* 28 U.S.C. § 1331.

12.    Removal of such cases is governed by 28 U.S.C. § 1441(b).  Section 1441(b) makes clear that a case brought in state court, raising a federal question, "*shall* be removable" to the United States District Courts "without regard to the citizenship or residence of the parties." *See* 28 U.S.C. § 1441(b) (emphasis added).

13.    Here, Plaintiffs' Complaint purports to assert a claim against TMCC for alleged violations of the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  *See* Complaint ¶¶ 41-43.  Specifically, Plaintiffs' claim that TMCC violated the FDCPA by reporting Plaintiffs' default to the credit reporting agencies.

14.    Plaintiffs' Complaint alleges violations of a federal statute and consequently "arises under" the laws of the United States.  *See* 28 U.S.C. § 1331.  Therefore, this Court may properly exercise jurisdiction over these claims.

15.    This Court has supplemental jurisdiction over Plaintiff's joined state law claims, pursuant to 28 U.S.C. §§ 1367 and 1441(c).

16.    Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendant Toyota Motor Credit Corporation, by counsel, respectfully requests that the above-referenced action, originally filed in the Trial Court of Massachusetts, Brockton District Court, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

- 4 -

        Respectfully submitted,

        /s/ Jason W. Canne
        _____
        Jason W. Canne, BBO # 688275
        Wilson, Elser, Moskowitz,
        Edelman & Dicker LLP
        260 Franklin Street, 14th Floor
        Boston, MA  02110
        617.422.5397
        jason.canne@wilsonelser.com

        *Counsel for Defendant Toyota Motor Credit Corporation*

Dated: September 6, 2016

- 5 -

## CERTIFICATE OF SERVICE

I, Jason W. Canne, hereby certify that on this 6th day of September, 2016, I caused a true and correct copy of the foregoing Notice of Removal to be served, by first class mail, postage prepaid, as follows:

Patrick N. Culhane, Esq.
100 Grandview Rd., Suite 304
Braintree, MA 02184
781.843.3585
*Attorney for Plaintiffs*

Kristine Lough
President
Evergreen Auto Recovery, Inc.
PO Box 19171
Johnson, RI 02919
401.647.1900
*Defendant, Evergreen Auto Recovery, Inc.*

/s/ Jason W. Canne

Jason W. Canne

*Counsel for Defendant Toyota Motor Credit Corporation*