COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

TRIAL COURT OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
BROCKTON DIVISION
CIVIL ACTION NO.

```
*********************************   )
PATRICIA ARUDA                      )
JILLIAN ARUDA and                   )
JESSICA ARUDA                       )
        Plaintiffs                  )
                                    )
v.                                  )
                                    )
TOYOTA MOTOR CREDIT CORP. and       )
EVERGREEN AUTO RECOVERY, INC.,      )
        Defendants                  )
*********************************
```

**VERIFIED COMPLAINT**

Now comes Patricia Aruda, Jillian P. Aruda, AND Jessica Aruda as the Trustee of the

Fawn Lane Realty Trust; the Plaintiffs, who as Massachusetts consumer's entered into a "Lease

Contract" with Toyota Motor Credit Corporation, the Defendant, to lease a 2013 Toyota Corolla

VIN # 2T1BU4EE9DC068351, hence forth referred to as "The Corolla", and Evergreen Auto

Recovery Inc., the co-defendant, who is a Rhode Island Corporation and the agent of Toyota

Motor Corporation.  Both Defendants wrongfully repossessed the Corolla without giving notice

to the Plaintiffs as required by M.G.L. Ch. 255B and trespassed on the Plaintiff's property to

recover possession of the Corolla, then caused the Plaintiffs financial harm by committing the

tort of Defamation by erroneously reporting the wrongful repossession of the Corolla to the 3

major credit reporting bureaus.

## PARTIES

1. Patricia Aruda of 125 High Street, Whitman, Massachusetts is one of the Plaintiffs.

2. Jillian Aruda of 125 High Street, Whitman, Massachusetts is also one of the Plaintiffs.

3. Jessica Aruda is the Trustee of the Fawn Lane Realty Trust, the office of the trust is 125 High Street, Whitman, Massachusetts is the third Plaintiff.

4. Jillian Aruda is the daughter of Patricia Aruda.

5. Toyota Motor Credit Corporation of 5005 N. River Boulevard NE, Cedar Rapids, IA 52411 is one Defendant.

6. Evergreen Auto Recovery Inc. of 132 B Shun Pike, PO Box 19171, Johnston, RI 02919 is the other Defendant.

## FACTS

7. The allegations of paragraphs 1-6 are restated and herein incorporated.

8. The Plaintiff's entered into a lease agreement with the Defendant on May 31, 2013 for the lease of the Corolla by Defendant to Plaintiffs.

9. The agreement called for the Plaintiff's to pay the Defendant $269.00 per month for 36 months.

10. The Plaintiffs was never over 30 days late on payments.

11. On February 28, 2016 Patricia Aruda called Toyota Motor Credit to make two (2) payments by telephone/electronically.

12. The first payment was made on a lease agreement for a Lexus on with Patricia Aruda was also the Leasee.

13. The payment went through and the customer service representative asked Patricia Aruda if she needed anything else.

14. Patricia Aruda asked to use the same account to make a payment on the Camry.

15. The representative put the payment through, told Patricia Aruda she was all set and the call ended.

16. Patricia Aruda received one phone call from Toyota at her job, which she was not able to take.

17. Neither Plaintiffs received any further notice from the Defendant.

18. The Defendant never notified the Plaintiffs of a hearing as required pursuant to MGL Ch. 255 § 131(b).

19. On March 14, 2016 the Camry was repossessed for a missed payment.

20. The Corolla was parked in the driveway, on the private property known as 125 High Street, Whitman Massachusetts, which was owned by the Fawn Lane Realty Trust of which the Plaintiffs were beneficiaries.

21. Evergreen Auto Recovery, Inc. sent a recovery vehicle to the Plaintiffs home located at 125 High Street, Whitman, MA 02382.

22. The Evergreen Auto Recovery Inc. employee, upon orders from Evergreen Auto Recovery Inc.'s management entered onto the private property located at 125 High Street, Whitman, Massachusetts without permission of either of the Plaintiffs or any other person in any other capacity as trustee or in any way in control of the real estate.

23. The Evergreen Auto Recovery Inc. employee drove the recovery vehicle on to the property known as 125 High Street, Whitman, Massachusetts and without permission of either of the Plaintiffs or any other person in any other capacity as trustee or in any way in control of the real estate put the Corolla on the recovery vehicle and removed it from the property.

24. Jillian Aruda had been driving the Corolla and needed it to commute to college.

25. The repossession caused her a great deal of hardship.

26. Patricia Aruda immediately called the Defendant Toyota about the repossession.

27. In the discussion the Plaintiff told the Defendant Toyota that the payment had been made.

28. The Defendant Toyota's employee and/or agent told the Plaintiff that the payment did not go through because the checking account number was incorrect.

29. The Plaintiff explained the other payment had come through and it was the Defendant Toyota's employee/agent's mistake.

30. The Defendant Toyota's employee and/or agent said the Defendant would investigate the call.

31. When the Defendant Toyota's employee and/or agent called the Plaintiff back they said they had "listened to the tape" of the telephone conversation when the payment was made and they stated the Plaintiff had given the wrong account number.

32. The Defendant Toyota refused to return the Corolla.

33. The Defendant Toyota reported the incident as a default by both Plaintiffs to the three major crediting reporting agencies.

34. This was an unprivileged communication on the part of Defendant Toyota because the Plaintiffs had not breached the lease agreement.

35. The communication to the credit reporting bureaus caused both Plaintiffs a great deal of Financial hardship for both Plaintiffs.

36. Plaintiff Jillian Aruda is currently a student in college and she was denied student loans because of the poor credit report which was the direct result of the Defendant Toyota.

37. Plaintiff Patricia Aruda is in the process of repairing her credit and the actions of Defendant Toyota Motor Credit Corp. has denied her any improvements to her report.

38. The vehicle was immediately sold at auction without a chance for redemption.

39. On April 4, 2016 the Plaintiffs had their attorney send a Demand Letter pursuant to M.G.L. Ch. 93A to Defendant Toyota Motor Credit Corp..

40.   Defendant Toyota never responded.

## COUNT I
### Violation of the Fair Debt and Collection Practices Act

41.   The allegations of paragraphs 1 through 40 are restated and incorporated herein.

42.   Defendant violated the Fair Debt and Collection Practices Act by reporting the alleged default to the Credit Reporting agencies;

43.   Any violation of the FDCPA is also a per se violation of M.G.L. Ch. 93A;

## COUNT II
### Violation of the obligation of good faith in the Enforcement of the Contract

44.   The allegations of paragraphs 1 through 43 are restated and incorporated herein.

45.   MGL Ch. 106 § 1-304 imposes on every contract and obligation of good faith in its performance and enforcement of the contract.

46.   The Defendant breached the obligation when it did not give the Plaintiffs notice of the problem with the payments.

47.   The Defendant breached the obligation when it did not give the Plaintiffs notice of the pending repossession.

48.   The Defendant breached the obligation by repossessing the vehicle.

49.   The Defendant breached MGL Ch. 255 § 131(b).

50.   The Defendant breached the obligation by refusing to allow the Plaintiffs a chance to cure the possible default.

## COUNT III
### Violation of M.G.L. Ch. 93A

51.   The allegations of paragraphs 1 through 50 are restated and incorporated herein.

52.   The Defendant is a financial institution in the business of leasing cars to Massachusetts consumers.

53. The Plaintiffs were at all times relevant, Massachusetts consumers.

54. The Defendant engaged in unfair and deceptive acts by telling the Plaintiffs the payment was "all set".

55. The Defendant engaged in unfair and deceptive acts by not communicating to the Plaintiffs the fact that there was a problem with the payment.

56. The Defendant engaged in unfair and deceptive acts when they repossessed the Camry without notice.

57. The Defendant engaged in unfair and deceptive acts when they stated they had "listened to the tape" and it was the Plaintiffs error that caused the repossession.

58. The Defendant failed to make a reasonable offer of settlement or even respond to the Plaintiffs 93A Letter so they are therefore liable for triple damages and the Plaintiffs attorney's fees.

## COUNT IV
### Trespass

59. The allegations of paragraphs 1 through 58 are restated and incorporated herein.

60. The Defendant Toyota and its agent the Defendant Evergreen Auto Recovery Inc. Trespassed when the employee of Defendant Evergreen Auto Recovery Inc. entered onto the property known as 125 High Street, Whitman, Massachusetts and removed the Corolla.

61. The employee never sought and was never granted permission to enter onto the property and recover the Corolla.

62. The removal of the Corolla caused harm to the Plaintiffs.

## COUNT V
### Libel and Slander

63. The allegations of paragraphs 1 through 62 are restated and incorporated herein.

64.  The Defendant Toyota made defamatory statements to the 3 credit reporting agencies by

stating the Plaintiffs had defaulted on the terms of the lease contract. when they had not.

65.  The Defendant Toyota knew the claim of breach of the lease contract by the Plaintiffs

was a lie.

66.  The Defendant Toyota know that reporting the breach of the lease contract to the 3 credit

reporting bureaus would be made a public record to be given to potential creditors of the

Plaintiffs.

67.  The Defendant Toyota lie to the 3 credit reporting bureaus about the breach of the lease

contract by the Plaintiffs cause the plaintiffs a great deal of financial harm and despair.

Now for the reasons stated herein, the Plaintiffs respectfully request that this Court:

a) Find the Defendant wrongfully repossessed the Toyota Corolla when there was
no breach of the lease contract.

b) Find the Defendant never gave the Plaintiffs notice of the alleged default or intent to
repossess the vehicle.

c.) Find the Defendant violated MGL Ch. 255 § 131(b) by not giving the Plaintiff's 7 day
notice of a hearing prior to repossessing the vehicle.

d.) Find the Defendant violated the Fair Debt Collection Statue of the United States of
America.

e.) Find the Defendant's violation of the FDCS was a per se violation of MGL Ch. 93A.

f.)  Find the Defendant violated MGL Ch. 106 § 1-304 by violating its obligation of good
faith in its performance pursuant to the contract.

g.) Find the Defendants guilty of Trespass.

h.) Find the Defendants guilty of Libel and slander.

Wherefore the Plaintiffs prays that this honorable court to order the Defendant be held

liable on all counts and award the Plaintiffs suitable compensation for the financial loss and

including, but not limited to the loss of the vehicle which was valued at $13,475.00 and the

suffering they have gone through because of the Defendants' actions and award the Plaintiffs

punitive damages for the Defendants' actions which caused the Plaintiffs serious financial harm

because of the extreme drop in the credit rating of Jillian Aruda and issue any other orders this

court deems to be reasonable and just.

Plaintiff's request a jury trial.

Dated: July 15, 2016

By the Attorney for the Plaintiffs,
Patricia Aruda, Jillian Aruda and Jessica
Aruda as Trustee

Patrick M. Culhane
BBO # 628855
100 Grandview Road, Suite 304
Braintree, MA 02184
(781) 843-3585
e-mail pculhane@comcast.net

8